# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| KAREN ROBINSON WOODWARD | : | DOCKET NO. 2:03 CV 2098 |
| --- | --- | --- |
|  |  | Consoldidated with 2:06 CV 0257 |
| VERSUS | : | JUDGE TRIMBLE |
| JAMES ANDRUS, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are Plaintiffs motion to compel (Doc. 74) and motion to amend the scheduling order (Doc. 78). The motions have been fully briefed and are ready for decision.

These consolidated putative class actions allege violations of 42 U.S.C. § 1983 by the sixty-four clerks of the district courts in the Louisiana state court system as well as the Louisiana Clerks of Court Association. More specifically it is alleged that civil litigants in Louisiana district court were charged fees not authorized by law and/or fees in excess of those authorized by law. Petitioners have stated a viable claim that they have been deprived of their "property without due process of law through the custom or practice of a state agent acting under the color of state law." *Woodard v. Andrus*, 419 F.3d 348, 354 (5th Cir. 2005).

On May 3, 2006, the undersigned conducted a F.R.C.P. 16 telephone conference. At that time it was determined that discovery would be limited to the merits of the claims of the named plaintiffs. See 5/3/06 Minute Entry. Subsequently, Plaintiffs propounded 16 interrogatories and 18 requests for production to the eleven clerk defendants involved in claims of the named plaintiffs. At this point one, the clerk of the 21st Judicial District Court, has responded. Those

responses prompted the motion to compel that is presently before the court. (Doc. 74).[1] In general, the present dispute centers on the proper scope of discovery. F.R.C.P. 26(b)(1) provides:

> **(1) In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).
>
> F.R.C.P. 26(b)(2)(iii) provides that the court may further limit discovery if:
>
> "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . .

The merits of Plaintiffs' claims depend in large part on whether the charges against them were authorized by La.R.S. 13:841.[2] This statute provides: "The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters . . . ." The statute goes on to list 77 services and the fee that may be charged for each. There is also a provision allowing the clerks to collect additional fees "in an amount not to exceed ten percent of the fees specified . . . ." La.R.S. 13:841 D.

Historical Information

Interrogatories 12, 13, & 14 and requests 1, 10, 12, & 13 seek historical information

---

[1] This memorandum ruling will address the discovery propounded to the 21s JDC specifically. However, it is understood by all that this ruling applies to all outstanding discovery propounded to all Defendants.

[2] There are also various miscellaneous provisions that may have relevance. See, for example, La.R.S. 13:841.2; La.R.S. 13:100; La.R.S. 13:10.3

relative to the clerks' practices for charging fees going back as far as 1964. Defendants contend that this historical information is not discoverable in that it is not relevant to any claim or defense of any party and that, in any event, it is unduly burdensome. Plaintiffs argue that this historical information is relevant for purposes of interpreting the pertinent statutes. They cite *State ex rel Cunningham v. Board of Assessors for the Parish of Orleans*, 26 So. 872 (La. 1898) where the court, referring to statutory construction, stated:

> ***If there is ambiguity in the language***, the understanding and application of it, when the statute first comes into operation, sanctioned by long acquiescence on the part of the legislature and judicial tribunals, is the strongest evidence that it has been rightly explained in practice. A construction, under such circumstances, becomes established law, and, after it has been acted upon for a century, nothing but legislative power can constitutionally effect a change.

Id., at 879 (emphasis supplied).

Defendants respond by pointing out that where there is no ambiguity "the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.C.C. art. 9. Plaintiffs' contention that the historical information falls within the proper scope of discovery is wholly dependent on there being some material ambiguity in the statutes that govern the assessment of fees in connection with civil suits. By way of example, Plaintiffs make reference to a practice they refer to as "bundling."

La.R.S. 841 A.(1) provides that the clerks of the district court shall be entitled to two dollars for "endorsing, registering, and filing petition." Exhibit "A" to Defendant's discovery responses indicates that Defendants take the position that charges of up $99.60 are permitted in connection with the filing and recording of a petition. Defendants arrive at this figure by

3

combining a number of fees.³ Plaintiffs refer to this practice as "bundling," and for lack of a better term the court will also use the term "bundling" to refer those charges on Exhibit "A" where Defendants take the position that the charge is authorized by more than one provision of R.S. 13:841 or by the application of a single provision multiple times. Plaintiffs, on the other hand, take the position that "bundling" is not authorized by the statute and, in any event, individual charges are being improperly assessed.⁴

This court will not resolve the merits of this particular issue in the context of a discovery dispute. Suffice it to say that there is a good faith dispute as to potential ambiguities in the pertinent statutes so that discovery regarding such ambiguities falls within the general scope of permissible discovery. This is not, however, the end of the inquiry. Pursuant to F.R.C.P. 26(b)(2)(iii) the scope of this discovery is limited as follows:

(A) For each charge reflected on Exhibit A where "bundling" is indicated Defendant will provide the following information:
   (1) The date Defendant's office first began taking the position that "bundling" was appropriate for that charge together with copies of any documents reflecting the change;
   (2) The date Defendant's office first began including each fee indicated under "Authority and Explanation" in the "bundle together with copies of any documents reflecting each change;"
(B) The phrase "the periods in which the any amount(s) have varied, identify the variations by each such period and the amount indicated in the stated publication during the same period(s)" is stricken from interrogatory 14.

---

³ The fees include $2 per R.S. 13:841(A)(1); $28 per R.S. 13:841(a)(55); $55 per R.S. 13:841(A)(5); $8.60 per R.S. 13:841(D); and $5 per R.S. 13:850.

⁴ For example, Defendants include $28 in charges that they claim are authorized by R.S. 13:841(A)(55). This provision authorizes a fee for "recording the petition, answer, and judgment in each case in the book of pleadings." Plaintiffs argue that there is no longer a "book of pleadings" so that any charge under (A)(55) is improper in any case.

4

- (C) Request number 1 is limited to documents in effect at the time the charges indicated on Exhibit A were entered.
- (D) Request number 10 is limited to materials provided at seminars sponsored by the Louisiana Clerks of Court Association from 2000 to the present.
- (E) Defendants objections to Request number 13 are overruled.

Information About Activities and Services Which Underlie Charges

Interrogatories 2 & 3 and Requests 2 & 3 seek information regarding the person who perform activities or services included within each charge listed in Exhibit A. This discovery is limited to activities that Defendants contend justify a fee assessment under any statute relative to charges on Exhibit A that Plaintiffs contest. Otherwise, the objections of Defendants as to this discovery are denied.

Information Relating to the Louisiana Clerks of Court Association

The plaintiffs have alleged that the Louisiana Clerks of Court Association is liable under § 1983 in that it "acted in concert with the various Clerks of Court" to deprive plaintiffs of their property without due process. ¶ 4 of Complaint. "To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents. *Adickes v. S.H. Kress and Company*, 90 S.Ct. 1598, 1606 (1970).

Some discovery into the relationships between the Louisiana Clerks of Court Association and the Defendants is clearly proper. However pursuant to F.R.C.P. 26(b)(2)(iii) this discovery is limited as follows:

- (1) The objections to interrogatory 8 and request number 8 are sustained;
- (2) The objections to interrogatories 9 & 10 are overruled;

5

(3) The objections to interrogatory 11 are sustained as to parts b. through f. Otherwise, they are overruled.

(4) The objections to interrogatory 14 are overruled except as provided above with regard to historical information.

(5) The objections to request number 11 are sustained.

(6) The objections to request number 13 are overruled.

Cott Software Manual

A dispute has arisen over the production of a software manual. Defendant contends that it cannot make a copy to provide to Plaintiff due to copyright restrictions. Accordingly, Defendants will make arrangements to provide Plaintiffs with the original of the manual for a period of seven days so that Plaintiffs' counsel may inspect the manual at their convenience during that period.

Except as provided hereinabove all other objections to the outstanding interrogatories and requests for admissions are overruled. Defendant, Julian E. Dufreche, is to provide supplemental responses in accordance with this memorandum ruling within 20 days of this date. All other Defendants will provide full and complete responses on or before a date certain to be agreed to by counsel. If no agreement can be reached within seven calendar days of this date then counsel for Plaintiffs will initiate a telephone conference with the undersigned so that the court may set a date for responses. Otherwise, the motion to compel is denied. The Plaintiffs' motion to amend the scheduling order (Doc 78) is granted. Counsel are to make a good faith effort to agree on a revised scheduling order within 10 days of this date. If those efforts are unsuccessful counsel for Plaintiffs shall initiate a telephone conference with the undersigned. If those efforts are successful counsel for Plaintiffs will draft a revised scheduling order, have it approved by

opposing counsel and submit it to the undersigned.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of December, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE