U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 1 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| KAREN ROBISON WOODARD | CIVIL ACTION NO. 03-2098 (LEAD) |
| | C/W 03-257 (MEMBER) |
| versus | JUDGE TRIMBLE |
| JAMES ANDRUS, ET AL | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before this court is defendants' motion for summary judgment [Doc. # *104*] in which defendants request summary judgment dismissing all claims by plaintiff Paul Fontaine ("Fontaine") based on lack of standing. For the reasons expressed herein, the instant motion will be DENIED.

### I.     Background

#### A.     Relevant Facts

The matter of Gatszke, et al v. Louisiana Clerk of Court Association, et al[1], a class action suit against numerous Louisiana Clerks of Court alleging the overcharging of civil filing fees, was consolidated with Woodard v. Andrus, a similar class action alleging the overcharging of civil filing fees by the Calcasieu Parish Clerk of Court, in the Western District.

Defendants, the Clerks of Court of each Louisiana parish, filed the instant motion for summary judgment asking the court to dismiss all claims by plaintiff Fontaine due to what defendants allege is a lack of standing in this case. Specifically, defendants allege that Fontaine,

_____

[1]Civil Action No. 06-257, U.S. Dist. Ct. for the Middle Dist. of Louisiana

whose claims in the instant suit arise from his status as a named plaintiff in an earlier class action[2], did not pay the fees at issue and, therefore, never sustained the injury-in-fact required to give him standing to maintain his present claims under 42 U.S.C. § 1983. Fontaine admits, as alleged by defendants, that he did not pay such civil filing fees and, instead, these fees were paid by his attorneys[3]. Fontaine argues, however, that the fees in question were assessed against him, not his attorneys and that the fact that he obtained payment of such fees through a collateral source should not inure to the benefit of the alleged tortfeasors[4].

B.    Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 - 50 (1986); Am. Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson at 248. In making this determination, a court must draw all justifiable inferences in favor of the non-moving party. Id at 255. Once the moving party has shown "that there is an absence of evidence to support the non-moving party's case," the non-moving party must come forward with specific facts

---

[2]Eula Guidry Ardoin v. Stine Lumber Co., Civil Action No. 01-4808, 14th J.D.C., Calcasieu Parish, Louisiana.

[3]See Deposition of Fontaine (11/22/06) at 15:8 - 15:16 and 16:13 - 16:21.

[4]See plaintiffs' memorandum in opposition to motion for summary judgment [Doc. # 110].

showing a genuine factual issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); FED. R. CIV. P. 56(C). "Conclusory denials, improbable references, and legalistic argumentation" are not an adequate substitute for specific facts showing that there is a genuine issue for trial. <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993). The movant "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the non-movant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<em>en banc</em>) (quoting <u>Celotex</u>, 477 U.S. at 323). If the movant fails to meet this initial burden, the motion must be denied, regardless of the non-movant's response. <u>Id</u>.

The mere fact that both parties argue that there are no genuine issues of material fact does not automatically mean that a trial is unnecessary or that no factual issues exist. <u>John v. Louisiana</u>, 757 F.2d 698, 705 (5th Cir. 1985). Cross-motions must be considered separately because each movant bears the burden of establishing that no genuine issue as to a material fact exists and that it is entitled to judgment as a matter of law. <u>Shaw Constructors v. ICF Kaiser Engineers, Inc.</u>, 395 F.3d 533, 539 (5th Cir. 2004). If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, this court may render summary judgment. <u>Id</u>.

## II.    Analysis of Law and Argument

Plaintiff's suit alleges harm under 42 U.S.C. § 1983 for assessment of unauthorized civil filing fees by various Louisiana Clerks of Court. Defendants allege that plaintiff does not have standing to maintain his claims because he suffered no injury due to payment of all fees by his attorneys.

Federal courts are vested with the authority, under Article III of the United States

3

Constitution, to hear "cases and controversies." The requirement, in federal jurisdictions, that plaintiffs have standing to maintain claims is a function of this Article III mandate. <u>Allen v. Wright</u>, 468 U.S. 737 (1984). The elements necessary to confer standing on a federal plaintiff are: an injury-in-fact, a causal link between the conduct alleged and the harm claimed and the ability of the court to provide redress by way of judgment. <u>McConnell v. Federal Election Commission</u>, 540 U.S. 93, 107-108 (2003); <u>Delta Commercial Fisheries Association v. Gulf of Mexico Fishery Management Council</u>, 364 F.3d 269, 272 (5th Cir. 2004). Defendants allege that plaintiff Fontaine lacks standing in this suit because he fails to show an injury-in-fact due to the payment of the allegedly improper fees by his attorneys.

Louisiana's collateral source rule is derived from the common law and provides that a tortfeasor may not benefit, by having his liability reduced, when the plaintiff receives payment from a collateral source, or source other than the tortfeasor. <u>Restatement (Second) of Torts, §920A</u>. Although the collateral source rule is most commonly applied, in this and other jurisdictions, to insurance cases, its application is not limited to these cases. <u>Louisiana Dept. of Transp. and Development v. Kansas City Southern Ry. Co.</u>, 846 So.2d 734 (La. 2003); As expressed in the Restatement of Torts, the collateral source rule is generally applicable to torts where payments or compensation are at issue. Thus, we find that the collateral source rule is applicable to the instant matter.

Here, Fontaine had the good fortune of securing payment of the fees he owed to the court by his attorneys. While it appears from the pleadings[5] that he has not reimbursed his attorneys for that favor, such matters are not for our consideration and are, instead, to be worked out between Fontaine

---

[5]See Deposition of Fontaine (11/22/06) at 15:8-16 and 16:3-21.

4

and his attorneys, should they choose.

Although defendants are correct in their view that plaintiff has not expended any of his personal funds to pay the fees at issue in this case, we find that he has still demonstrated an injury-in-fact, as the fees were assessed against him. While he has not expended personal funds, we note that an injury-in-fact need not be economic in nature in order to confer standing on a plaintiff such as Fontaine. <u>Save Our Wetlands, Inc. v. Sands</u>, 711 F.2d 634, 640 (5th Cir. 1983). Plaintiff alleges the violation of a right under 42 U.S.C. § 1983 and has adequately demonstrated an injury such as to confer standing in this suit. Accordingly, we find that defendants' motion for summary judgment should not be granted.

## III.   Conclusion

Defendants have failed to provide summary judgment evidence such as to prove that plaintiff Fontaine lacks the requisite standing in this suit. While we agree that plaintiff has likely not expended any personal funds in order to satisfy the fees complained of, we find that he nevertheless alleges an injury-in-fact. Further, we find that allowing defendants to argue payment of the fees from a collateral source is contrary to applicable law and is not, therefore, sufficient basis for the instant motion, which shall not be granted.

Alexandria, Louisiana

March 1 9 , 2007

JAMES T. TRIMBLE, JR.
UNITED STATE DISTRICT JUDGE

5