```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF LOUISIANA
                  LAKE CHARLES DIVISION
```

| | |
|---|---|
| KAREN ROBINSON WOODARD | CIVIL ACTION |
| VERSUS | NO. 2:03-2098 |
| JAMES ANDRUS, ET AL. | JUDGE SARAH S. VANCE (EDLA) |
| RELATED CASE | |
| DELLA GASTZKE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 2:06-0257 |
| LOUISIANA CLERK OF COURT ASSOCIATION, ET AL. | JUDGE SARAH S. VANCE (EDLA) |

## ORDER AND REASONS

Before the Court is plaintiffs' Conran Fricke, Della Gastzke, Paul Fountaine, Earl Pania, Latiya Smith, Billy Charles Hermann, and Mary Donna Antee's motion to compel supplemental discovery responses from defendant John Gegenheimer and plaintiffs' request for attorney fees. (R. Doc. 153.) For the following reason, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to compel and DISMISSES WITHOUT PREJUDICE plaintiffs' request for attorney fees.

## I. BACKGROUND

On November 13, 2003, Karen Robison Woodard filed this putative class action against James Andrus, the Calcasieu Parish Clerk of Court, alleging that he imposed filing fees against her that were in excess of, or not authorized by state law, in

violation of 42 U.S.C. §§ 1983 and 1988. (R. Doc. 1.) On June 24, 2004, the court granted defendant's motion to dismiss. (R. Doc. 30.) Noting that it found "no statutory authority for the fees charged by Defendant in excess of those authorized by La. R.S. 13:841," the court nevertheless found that plaintiff had not alleged a due process violation, because she had meaningful post-deprivation remedies available. The court further dismissed plaintiff's access to courts and equal protection claims. (*Id.*) On appeal, the Fifth Circuit held that the complaint stated a claim for a violation of constitutional due process and remanded the case for further proceedings. *Woodard v. Andrus*, 419 F.3d 438, 354 (5th Cir. 2005) (holding that plaintiff had stated a viable claim that she had been deprived of "property without due process of law through the custom or practice of a state agent acting under the color of state law.").

On February 13, 2006, Della Gastzke and eleven other plaintiffs filed a class action lawsuit in the Middle District of Louisiana, alleging that all of the Louisiana Parish Clerks of Court have violated 42 U.S.C. §§ 1983 and 1988. Plaintiffs further allege that the Louisiana Clerk of Court Association had acted in concert with various Clerks of Court to unlawfully deprive the plaintiffs of their property by "formulating, promulgating, implementing and overseeing the application of official policies which have resulted in a systematic

overcharging of fees in civil litigation." (R. Doc. 1 ¶ 4, Civ. A. 06-0257.) The Middle District transferred the *Gastzke* case to the Western District for consolidation with *Woodard*. (*See* R. Doc. 52.)

In May of 2006, the Western District entered a scheduling order, limiting discovery to the merits of the named plaintiffs' claims and staying all other discovery. (*See* Minutes for Proceedings before J. Wilson, May 3, 2006.) In August of 2006, defendants filed two motions for summary judgment. They contended that some of plaintiffs' claims were prescribed and that plaintiffs could not recover punitive damages. The court granted the motions in December of 2006 and held that "the seven suits enumerated in defendants' motion for summary judgment, prescribed before the August 15, 2003 enactment of LA. R.S. 13:750, were not revived upon that statute's advent," and dismissed those named plaintiffs. (R. Doc. 98 at 7.) The Court also held that the plaintiffs could not recover punitive damages as a matter of law. (*Id.* at 9-10.) The Fifth Circuit affirmed the Court's ruling on both motions. *Woodard v. Jones*[1], 247 Fed. Appx. 494 (5th Cir. 2007).

On January 2, 2008, the case was reassigned to this Court. (R. Doc. 171.) The Court entered a Scheduling Order setting the

---

[1] H. Lynn Jones II was the successor of James Andrus as Clerk of the Court for the 14th Judicial District Court, Parish of Calcasieu.

3

case for trial in March of 2009. (R. Doc. 183.)

The current motion involves a long-standing discovery dispute between the parties. On July 28, 2006, plaintiffs propounded discovery, including interrogatories, requests for admission, and requests for production, on the Clerks of Court in eleven parishes, including Jon Gegenheimer, Clerk of Court for Jefferson Parish. In November of 2006, plaintiffs filed a motion to compel, objecting to the responses to discovery requests the Clerk of Court for the 21st Judicial District Court, Tangipahoa Parish had provided. In a memorandum ruling issued on December 15, 2006, Magistrate Judge Wilson ruled on plaintiffs' motion to compel and noted that "it is understood by all that this ruling applies to all outstanding discovery propounded to all Defendants." (R. Doc. 97 at 2 n.1.)

In December of 2007, plaintiffs filed the current motion to compel, alleging that Gegenheimer's responses to their Interrogatories and Requests for Production are "woefully inadequate." Plaintiffs maintain that the defendant's responses to Interrogatories Nos. 2-7 and 9-16, as well as the corresponding responses to their Requests for Production are insufficient because defendant either objected that the Requests were not relevant to the issues before the Court and outside the scope of the court-ordered discovery, or failed to adequately respond and did not produce responsive documents. Plaintiffs

further contend that defendant's objections to Requests for Production Nos. 1, 10, and 13 are meritless. Finally, plaintiffs maintain that defendant inappropriately has responded that some discovery requests may be subject to the attorney-client privilege, yet defendant has failed to produce a privilege log.

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is relatively broad. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery to be conducted in each case rests within the sound discretion of the trial court. *Newby v. Enron Corp.*, 394 F.3d 296, 305 (5th Cir. 2004).

Rule 33 requires a party responding to interrogatories to either answer "separately and fully in writing under oath" or object by stating "[t]he grounds for objecting" with "specificity," and otherwise answering "to the extent it is not objected to." FED. R. CIV. P. 33(b)(3), (4). Similarly, Federal Rule of Civil Procedure 34(b)(2)(B) requires a party responding to a document production request for "each item or category" to "state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(C) provides that "[a]n objection to part

of a request must specify the part and permit inspection of the rest." An evasive or incomplete response is equivalent to a party's complete failure to respond. FED. R. CIV. P. 37(a)(4).

Finally, Rule 26(b)(5) requires parties to provide a privilege log. The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. *See, e.g., High Tech Commc'ns, Inc. v. Panasonic Co.*, 1995 WL 45847, at * 1 (E.D. La. 1995) (citing *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)); *In re Shell Oil Ref.*, 812 F. Supp. 658, 661 (E.D. La. 1993).

## III. DISCUSSION

Plaintiffs represent that the discovery they propounded on Gegenheimer is the same as that propounded on ten other defendants in this litigation, and that Gegenheimer's responses "are substantively and structurally identical to discovery responses submitted by Tangipahoa Parish." (R. Doc. 153-2 at 3.) Magistrate Judge Wilson has already addressed many of the objections that are the basis of plaintiffs' current motion to compel. (*See* Mem. Ruling, Dec. 15, 2006, R. Doc. 97.)

    1.   *Interrogatories 2, 3, and 4 and corresponding Requests for Production 2, 3, and 4*

Magistrate Wilson already addressed defendant's objections to Interrogatories 2 and 3, as well as his objections to Requests

for Production 2 and 3. Accordingly, defendant is instructed to supplement his responses to these discovery requests consistent with the Magistrate Judge's Order. The Magistrate Judge limited the scope of this discovery to "activities that Defendants contend justify a fee assessment under any statute relative to charges on [the cost sheet for plaintiff Conran Fricke in the matter *Conran Fricke, et al. v. Ochsner Foundation Hospital, et al.*] that plaintiffs contest." (*See* R. Doc. 97 at 5.)

With respect to Interrogatory and Request for Production 4, the Court finds that it seeks relevant information regarding fees defendant assessed Conran Fricke, a named plaintiff. Whether the amounts he was charged were combined or "bundled" is relevant information for the plaintiffs in determining the nature of all the fees assessed against Conran Fricke and the relevant statute(s) authorizing those fees. Defendant's objections to Interrogatory 4 and its corresponding Request for Production are overruled.

  *2. Interrogatories 5-7, 12-13, and 15-16*

Defendant's objections to Interrogatories 5 and 6 are sustained in part and overruled in part. Interrogatory 5 seeks information regarding "advance" or "required" costs of deposit, which is relevant to the fees assessed against the plaintiffs and the statutory authority for those fees. Defendant is to supplement his response to Interrogatory 5, but the Court limits

the scope of this discovery to charges that defendant assessed Conran Fricke.

Interrogatory 6 seeks information regarding reference materials, manuals, and other documents in defendant's possession relating to charges or fees on the cost sheet for *Conran Fricke, et al. v. Ochsner Foundation Hospital, et al.* The Court finds that this information is also relevant to the authority and history of fees assessed against civil litigants. This discovery is limited to documents dating from 2000 to the present that are relevant to charges or fees the Clerk of Court assessed Conran Fricke.

The Court finds that Interrogatory 7, which requests that defendant "identify any and all statutory basis for charges by **any** of the Clerks of Courts in the State of Louisiana" is overly broad and therefore defendant's objections are sustained. This interrogatory is limited to the statutory bases for Gegenheimer's imposition of fees in the civil action *Conran Fricke, et al. v. Ochsner Foundation Hospital, et al*.

Interrogatory 12 seeks historical information regarding increases in fees charged by the Office of the Clerk of Court for Jefferson Parish in 1974 and 1984. The Court finds that this information is relevant to interpreting the pertinent statutes and/or the way defendant has applied the statutes. However, discovery is limited to historical information regarding

increases in those fees or charges that defendant assessed Conran Fricke in civil action *Conran Fricke, et al. v. Ochsner Foundation Hospital, et al.*

Magistrate Wilson previously addressed defendant's objections to Interrogatory 13. Accordingly, defendant should supplement his response to Interrogatory 13 consistent with the limitations Judge Wilson imposed on the scope of discovery into "bundling." (*See* R. Doc. 97 at 4-5.)

Defendant's response to Interrogatory No. 15 is simply "N/A." Defendant is to supplement its response in accordance with the Federal Rules of Civil Procedure. *See, e.g.,* FED. R. CIV. P. 33 (requiring a party responding to interrogatories to either answer "separately and fully" or object with "specificity").

Defendant has responded to Interrogatory 16. To the extent plaintiffs disagree with some of the defendant's explanations for objecting to plaintiffs' Requests for Admission, plaintiffs have not provided the Court with the Requests for Admission at issue, nor given any specific reasons for challenging defendant's response. Therefore the Court is unable to rule on defendant's objections at this time.

   *3.   Interrogatories 9 and 10*

The Court previously overruled defendant's objections to Interrogatories 9 and 10. Accordingly, defendant is instructed to supplement his responses to these Interrogatories.

*4. Interrogatories 11 and 14*

Pursuant to the Court's previous ruling, defendant's objections to Interrogatory 11 parts (a) and (g) are overruled. (*See* R. Doc. 97 at 6.)

Consistent with the Court's previous ruling, defendant is instructed to respond to Interrogatory 14, except for the phrase previously stricken. Accordingly, defendant should respond to the first sentence of Interrogatory 14 as well as provide the name of any relevant publication(s).

*5. Historical Information*

Defendant is to supplement his responses to Requests for Production 1, 10, 12, and 13, consistent with the Court's previous ruling on the scope of discovery into historical information. (*See* R. Doc. 97 at 4-5.) For example, Request for Production 1 is limited to documents in effect at the time the charges indicated on the cost sheet for *Conran Fricke, et al. v. Ochsner Foundation Hospital, et al.* were entered. Request for Production 10 is limited to materials provided at seminars sponsored by the Louisiana Clerks of Court Association from 2000 to the present. (*See* R. Doc. 97 at 5.)

*6. Incomplete Responses*

Plaintiff contends that for a number of Interrogatories and Requests for Production, defendant has simply replied "no answer will be provided" or "no documents will be provided." (*See, e.g.,*

10

Interrogatories 2, 8-14, Requests for Production 1-2, 8-14.) To the contrary, defendant has used such language at the conclusion of an objection, or after listing all of defendant's objections. For example, "Because the requested information is outside the court imposed limit on discovery, no response will be provided at this time." (*See* R. Doc. 153-4 at 24.) To the extent that the defendant's objections have been overruled, either in the present Court's Order or in the Magistrate Judge's ruling, defendant is instructed to provide supplemental responses and/or documents in accordance with the Federal Rules of Civil Procedure. To the extent the defendant's objections have been sustained, no such response is necessary.

    7.   *Privilege Log*

Finally, as noted above, a party resisting discovery by asserting any privilege must produce a privilege log. FED. R. CIV. P. 26(b)(5). Defendant can either produce a privilege log, or withdraw his assertions of privilege and provide appropriate supplemental responses.

**IV. CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to compel. Defendant John A. Gegenheimer is to provide supplemental responses in accordance with this Order within 20 days of this date.

Plaintiffs' motion for attorney's fees is DISMISSED WITHOUT PREJUDICE.  If plaintiffs still seek to pursue attorney's fees, they are instructed to file a motion for attorney's fees, complete with affidavits itemizing the time and costs associated with bringing the motion to compel.

New Orleans, Louisiana, this 20th day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA