UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KAREN ROBINSON WOODARD                CIVIL ACTION

VERSUS                                NO. 2:03-2098

JAMES ANDRUS, ET AL.                  JUDGE SARAH S. VANCE
                                      (EDLA)
                    RELATED CASE

DELLA GASTZKE, ET AL.                 CIVIL ACTION

VERSUS                                NO. 2:06-0257

LOUISIANA CLERK OF COURT              JUDGE SARAH S. VANCE
ASSOCIATION, ET AL.                   (EDLA)


<u>**ORDER AND REASONS**</u>

Before the Court is defendant's motion for partial summary
judgment.  Defendant moves the Court to dismiss the claims of
Mary Donna Antee as prescribed. (R. Doc. 136.)  For the following
reasons, the Court GRANTS defendant's motion.


**I.    BACKGROUND**

On November 13, 2003, Karen Robison Woodard filed this
putative class action against James Andrus, the Calcasieu Parish
Clerk of Court, alleging that he imposed filing fees against her
that were in excess of, or not authorized by state law, in
violation of 42 U.S.C. §§ 1983 and 1988. (R. Doc. 1.)  On June
24, 2004, the court granted defendant's motion to dismiss. (R.
Doc. 30.)  Noting that it found "no statutory authority for the
fees charged by Defendant in excess of those authorized by La.

R.S. 13:841," the court nevertheless found that plaintiff had not alleged a due process violation, because she had meaningful post-deprivation remedies available.  The court further dismissed plaintiff's access to courts and equal protection claims.  (*Id.*) On appeal, the Fifth Circuit held that the complaint stated a claim for a violation of constitutional due process and remanded the case for further proceedings. *Woodard v. Andrus*, 419 F.3d 438, 354 (5th Cir. 2005) (holding that plaintiff had stated a viable claim that she had been deprived of "property without due process of law through the custom or practice of a state agent acting under the color of state law.").

On February 13, 2006, Della Gastzke and eleven other plaintiffs filed a class action lawsuit in the Middle District of Louisiana, alleging that all of the Louisiana Parish Clerks of Court have violated 42 U.S.C. §§ 1983 and 1988.  Plaintiffs further allege that the Louisiana Clerk of Court Association acted in concert with various Clerks of Court to unlawfully deprive the plaintiffs of their property by "formulating, promulgating, implementing and overseeing the application of official policies which have resulted in a systematic overcharging of fees in civil litigation." (R. Doc. 1 ¶ 4, Civ. Act. 06-0257.)  The Middle District transferred the *Gastzke* case to the Western District for consolidation with *Woodard*. (*See* R. Doc. 52.)

In August of 2006, defendants filed two motions for summary judgment.  They contended that some of plaintiffs' claims were prescribed and that plaintiffs could not recover punitive damages.  The court granted the motions in December of 2006 and held that seven of the plaintiffs' claims had prescribed and dismissed those named plaintiffs. (Mem. Ruling, Dec. 20, 2006, R. Doc. 98 at 7.)  The court also held that the plaintiffs could not recover punitive damages as a matter of law. (*Id.* at 9-10.)  The Fifth Circuit affirmed the court's ruling on both issues. *Woodard v. Jones*[1], 247 Fed. Appx. 494 (5th Cir. 2007).

On January 2, 2008, the case was reassigned to this Court. (R. Doc. 171.)  The Court entered a Scheduling Order setting the case for trial in March of 2009. (R. Doc. 183.)

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury

---

[1] H. Lynn Jones II was the successor of James Andrus as Clerk of the Court for the 14th Judicial District Court, Parish of Calcasieu.

to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

Defendant contends that the alleged overcharges that took place in plaintiff Mary Donna Antee's state court civil lawsuit, *Mary Donna Antee v. Anthony Twing*,[2] all occurred before August

---

[2] Docket No. 97362, Twenty-Sixth Judicial District Court, Bossier Parish.

15, 2003, and are therefore prescribed.  Plaintiff does not

dispute that the last charge the Clerk assessed in her state

court lawsuit was in 2001, but contends that her claims have not

prescribed because her state court lawsuit is still ongoing and

prescription will not begin to run until her state court lawsuit

is either terminated or dismissed.

The Court must first consider which period of prescription

to apply to plaintiff's claims.  On August 15, 2004, La. R.S.

13:750, which provides for a four-year prescriptive period, went

into effect.[3]  The statute states in relevant part:

> All claims against the clerk in his official capacity are
> extinguished four years after the act or occurrence first
> giving rise to the claim whether or not the basis of the
> liability is a continuing one.  The prescription
> commences to run from the day the claimant acquires, or
> should have acquired, knowledge of the act or occurrence
> first giving rise to the claim.

La. R.S. 13:750(C).  Any action that prescribed before La. R.S.

13:750 went into effect was subject to a one-year period of

prescription. *See* La. Civ. Code Art. 3492 ("Delictual actions are

subject to a liberative prescription of one year."); *see also*

*Woodard*, 247 Fed. Appx. at 495 (affirming that before the

enactment of La. R.S. 13:750, plaintiffs' claims were subject to

---

[3] The statute was enacted by Act No. 769, which the
Legislature approved on July 6, 2004. *See* 2004 La. Sess. Law
Serv. Act 769 (H.B. 766) (West).  It therefore went into effect
on August 15, 2004. *See* La. Const. art. 3, § 19 (stating that all
laws enacted during a regular session of the legislature shall
take effect on August 15 of the calendar year in which the
regular session is held).

a one-year prescriptive period).  Therefore any cause of action
arising before August 15, 2003 would be prescribed before the
promulgation of La. R.S. 13:750 on August 15, 2004. (*See* Mem.
Ruling, R. Doc. 98 at 7) (holding that LA R.S. 13:750(C) cannot
be construed "to revive claims which, at the time of its effect,
were already prescribed.").  Any action that arose after August
15, 2003 would not have prescribed by the time LA. R.S. 13:750
became effective and would benefit from the application of the
amended statute's four-year period of prescription.

Plaintiffs' lawsuit seeks damages for fees collected by the
Clerks of Court in excess of those statutorily authorized.
Plaintiff Mary Donna Antee's cause of action arose when the Clerk
of Court of Bossier Parish allegedly overcharged fees in her
civil lawsuit. (*See* Mem. Ruling, R. Doc. 98 at 10) (describing
plaintiffs' injury as occurring "the date the fees were
overcharged.")  The undisputed evidence reflects that the last
fee charged in *Mary Donna Antee v. Anthony Twing*, was charged
more than a year before the adoption of La. R.S. 13:750(C). (*See*
R. Doc. 60, Def.'s Ex. 1.)  Therefore plaintiff's claims are
subject to a one year prescription period and are prescribed.

The Court finds without merit plaintiff's contention that
because her lawsuit is not complete, prescription has not yet
begun to run.  Plaintiff is once again arguing that "the
impropriety of the charges continues throughout the pendency of

6

[the] action and constitutes a continuing wrong," which argument was explicitly rejected by Judge Trimble. (*See* Pl.'s Opp'n, R. Doc. 143 at 6.)  Judge Trimble found "no merit in plaintiff's argument as to the classification of the clerk's overcharges as a continuing violation," and reiterated that "[t]he lack of reimbursement of these funds is not a separate tortious act, but a continuation of the ill effects of the previously pled tort." (*See* Mem. Ruling at 7-8.)  As reflected in Judge Trimble's prior ruling, plaintiff's cause of action arose when plaintiff was allegedly overcharged fees in her civil lawsuit.

The Court finds plaintiff's reliance on *Wheat v. Dickerson Welding Co., Inc.*, 632 So.2d 814 (La. App. 4th Cir. 1994), misplaced.  *Wheat* involved an action by a Clerk to collect unpaid filing fees after a lawsuit had been dismissed.  The Louisiana Fourth Circuit Court of Appeals held that the Clerk had not met her burden of proof that the fees were owed, and then elaborated in dicta that even if the Clerk had met her burden of proof, the action was prescribed. *Id.* at 816.  The Court noted that under a different statute than the one at issue in this case, La. Civ. Code art. 3494,[4] the Clerk's cause of action was subject to a liberative prescription of three years, which "begins to run on

_____

[4] La. Civ. Code art. 3494(1) creates a cause of action for "the recovery of compensation for services rendered."  To the contrary, La. Civ. Code art. 3492 is based upon a delictual action which arises "the day injury or damage is sustained."

the date of dismissal or termination." *Wheat*, 632 So.2d at 816.
The Court reasoned that "once the litigation is terminated, the
Clerk has a duty to examine the file for unpaid fees."  The
action in *Wheat*, filed nine years after the underlying action had
been dismissed, was therefore prescribed. *Id*. at 817.

Here, the harm giving rise to the cause of action occurs
when the unauthorized fee is allegedly overcharged. *See* La. Civ.
Code art. 3492 ("This prescription commences to run *from the day
injury or damage is sustained*.") (emphasis added).  At that point
plaintiff either knew, or should have known that the Clerk had
overcharged for fees in her state court lawsuit, and could have
determined if the fees were overcharges by comparing the cost
sheet and charges with the public law concerning such costs. (*See
also* Mem. Ruling at 9.)

Plaintiff further asserts that her claim has not prescribed
because she may be assessed additional fees by the Clerk of Court
when she dismisses her state court litigation.  Plaintiff is
correct that any claim based on fees not yet charged has not
prescribed.  However, any such claim would also be premature,
because plaintiff has not yet suffered any injury.  If and when
plaintiff's civil lawsuit is closed, and she is assessed
additional fees that she contends are unlawful, she will have an
injury that she can assert as the basis for a claim against the
Clerk of Court for Bossier Parish.

8

**IV.   CONCLUSION**

For the foregoing reasons, defendant's motion for partial summary judgment is GRANTED.  Mary Donna Antee's claims are dismissed as prescribed.


New Orleans, Louisiana, this <u>30th</u> day of June, 2008.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA