UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

KAREN WOODARD, ET AL.                       CIVIL ACTION

VERSUS                                      NO: 03-2098

JAMES ANDRUS, ET AL.

### ORDER AND REASONS

Before the Court is defendants' Motion in Limine to Exclude the Expert Testimony of Edward Sherman. Prof. Sherman, a professor of law at Tulane Law School and an expert on complex litigation, has been retained by the plaintiffs to provide his opinion as to "whether this case can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, particularly as to the predominance of common questions, manageability, and superiority." R. Doc. 347-3 at 26. The defendants seek to exclude Prof. Sherman's testimony on the ground that it "is nothing more than a legal opinion as to whether class certification would be proper." R. Doc. 347-2 at 1.

Federal Rule of Evidence 702 provides that:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. A district court has considerable discretion to admit or exclude expert testimony under Rule 702. *See General Electric Co. v. Joiner*, 522 U.S. 136, 138-39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). Although parties typically seek to exclude expert testimony on the basis that it is unreliable, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993), the Court must also determine whether the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see also Daubert*, 509 U.S. at 591. In addition, evidence may always be excluded based on "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Courts have consistently been reluctant to permit legal experts to testify as to matters of domestic law. *See, e.g., Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997).

*Compare* FED. R. CIV. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, *whether or not … admissible under the Federal Rules of Evidence*.") (emphasis added). This hesitation has often been articulated as concern about confusing the jury with multifarious pronouncements on the law, *see Willette v. Finn*, 778 F. Supp. 10, 11 (E.D. La. 1991), but it ultimately derives from the requirement that expert testimony must be able to "assist the trier of fact [1] to understand the evidence or [2] to determine a fact in issue." FED. R. EVID. 702. As the D.C. Circuit has explained, "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect … ." *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1212 (D.C. Cir. 1997). Notably, the rule makes no exception for situations in which the judge is the trier of fact, such as class certification.

Of course, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(A). Moreover, testimony should not be excluded simply because a witness is trained in the law or because the testimony will touch on legal topics. In distinguishing admissible testimony from inadmissible testimony, the task for the Court is to ask whether the expert's opinions bear on some factual inquiry

or whether they bear solely on the legal conclusions that are urged. In other words, "an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied." *Id.* at 1212-13.

The Court has reviewed Prof. Sherman's expert report and finds that his proffered testimony is focused exclusively on whether the legal standard for class certification has been satisfied. As the report itself states, Prof. Sherman was asked to provide his opinion as to "whether this case can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, particularly as to the predominance of common questions, manageability, and superiority." R. Doc. 347-3 at 26. The report addresses each of the prongs of the class certification analysis, explaining in each case why, in Prof. Sherman's opinion, the facts of the case meet the relevant standard. The report does not offer any opinion as to what the underlying facts are, nor does it otherwise attempt to help the Court "understand the evidence." FED. R. EVID. 702. Indeed, through no fault of Prof. Sherman's, the report was prepared without the benefit of the Court's recent order clarifying the relevant factual and legal inquiries in the case.

For these reasons, the Court finds that Prof. Sherman's testimony, as reflected in his expert report, goes solely to

"whether the legal standard [for class certification] has been satisfied." *Burkhart*, 112 F.3d at 1213. As such, it does not meet the requirements of Rule 702 and must be excluded.

It bears emphasis that the Court is not excluding Prof. Sherman's testimony on the ground that he is unqualified or his testimony is unreliable. The Court has the highest regard for Prof. Sherman's work and looks forward to seeing his arguments advanced by plaintiffs' counsel.

For the foregoing reasons, the defendants' motion in limine to exclude the expert testimony of Edward Sherman is GRANTED.

New Orleans, Louisiana, this 20th day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE