UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

KAREN WOODARD, ET AL.                        CIVIL ACTION

VERSUS                                                  NO: 03-2098

JAMES ANDRUS, ET AL.

## ORDER

Before the Court is the defendants' Motion to Dismiss the claims against 57 of the 64 named clerk of court defendants. R. Doc. 349. The defendants have asked that the claims be dismissed with prejudice. The plaintiffs have filed a response in which they indicate that they have no opposition to the defendants' motion. The plaintiffs argue, however, that the claims should be dismissed without prejudice. Because the parties agree that the claims and defendants in question should be dismissed, the Court will treat the plaintiffs' response as a motion for voluntary dismissal pursuant to FED. R. CIV. P. 41(a)(2).

The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath*

*Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In this case, the defendants argue that an unconditional dismissal would prejudice them because they have already expended a great amount of time and effort in defending against the plaintiffs' claims. It is true that "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). In this case, however, the Court does not find that dismissal with prejudice would be appropriate. As the plaintiffs point out, the parties that will be dismissed have had to bear little of the cost of this litigation. They have not been subject to discovery, and they share counsel with the other defendants. In any case, it is unlikely that the distinction between dismissal with prejudice and dismissal without prejudice will make much difference, as it is unlikely that the named plaintiffs will have any claims against the dismissed clerks.

Accordingly,

Plaintiffs' Motion to Voluntary Dismiss, R. Doc. 368, is GRANTED. The clerks of court for the parishes named in the plaintiffs' proposed order shall be DISMISSED WITHOUT PREJUDICE. In addition, defendants' Motion to Dismiss, R. Doc. 349, is DENIED AS MOOT.

New Orleans, Louisiana, this __4th__ day of March, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE