UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN WOODARD, ET AL. | CIVIL ACTION |
| VERSUS | NO: 03-2098 |
| JAMES ANDRUS, ET AL. | HON. SARAH S. VANCE<br>SITTING BY DESIGNATION |

**ORDER**

The parties in this action have reached an agreement to settle their claims. In that regard, they have submitted a joint motion for class certification and for preliminary approval of the class action settlement. R. Doc. 380. The Court has reviewed the motion and the attached memorandum and concludes that further briefing is required.

Accordingly,

IT IS ORDERED that the parties shall file a supplemental memorandum in support of their motion no later than Friday, May 15, 2009. The memorandum shall address the following issues:

(1) Whether the proposed class meets the criteria for certification under Federal Rule of Civil Procedure 23. Although the parties have asked the Court to certify a class for the sole purpose of settling the plaintiffs' claims, they must still demonstrate that the Rule 23 certification requirements are met. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In this regard, the parties should address the four class-qualifying criteria set forth in Rule 23(a) as well as the criteria relevant to certification under

Rule 23(b)(2). The parties may wish to refer to the sources cited in the footnote for an overview of the relevant issues.[1] If the parties intend to draw from the plaintiffs' earlier motion to certify class, R. Doc. 338, they should be careful to tailor their arguments to the settlement context. *Cf. Amchem Products*, 521 U.S. at 619-28. Finally, the parties may wish to address the concerns identified in *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 283 (5th Cir. 2008), which appear to be relevant to the proposed settlement in this matter.

(2) Whether the class members will be able to seek reimbursement for fees charged in violation of state law.

(3) Why the proposed attorneys' fees are reasonable. The parties need not address this issue in great depth at this stage. They are instructed to briefly state the amount of attorneys' fees requested and the justification for those fees.

SO ORDERED.

New Orleans, Louisiana, this __7th__ day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] The opinion in *In re OCA, Inc. Securities and Derivative Litigation*, No. 05-2165, 2008 WL 4681369 (E.D. La. Oct. 17, 2008), provides a useful overview of the relevant issues. A number of other sources address the Rule 23(b)(2) certification inquiry. *See, e.g., Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 524 (5th Cir. 2007); *Lambert v. Board of Com'rs of the Orleans Levee Dist.*, No. 05-5931, 2008 WL 4186889, at *10 (E.D. La. Sep. 10, 2008); *Broussard v. Foti*, No. 00-2318, 2001 WL 699525, at *2 (E.D. La. June 18, 2001); 7AA CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL §§ 1775-1776.1 (3d ed. 2005 & Supp. 2008).