UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

KAREN WOODARD, ET AL.                                   CIVIL ACTION

VERSUS                                                  NO: 03-2098

JAMES ANDRUS, ET AL.

### ORDER AND REASONS

Before the Court are defendants' motions *in limine* to exclude plaintiffs' expert Kelly Todd from the upcoming hearing on class certification. (R. Docs. 431, 433).

A district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702. *See General Electric Co. v. Joiner*, 522 U.S. 136, 138-39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). That rule provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Although parties typically seek to exclude expert testimony on the basis that it is unreliable, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993), the

Court must also determine whether the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *see also Daubert*, 509 U.S. at 591. In addition, evidence may always be excluded based on "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Apart from the considerations of reliability or qualification, however, the Court must also determine that the testimony is relevant. FED. R. EVID. 402.

Kelly Todd is a certified public accountant who specializes in forensic accounting, fraud examination, and litigation support. She has been retained by plaintiffs "to provide [her] professional opinion as to the ability to calculate damages resulting from excess fees charged to plaintiffs in this case." R. Doc. 408, Ex. B. Plaintiffs seek to introduce her testimony during the class-certification hearing to establish class-wide damages through the use of mathematical calculations. R. Doc. 408 at 20.

Defendants first assert that Todd's proposed testimony on damages is irrelevant because plaintiffs now seek injunctive relief only, and her testimony on damages has thus been rendered irrelevant. It is true that "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (quoting 3 J. WEINSTEIN & M.

2

BERGER, WEINSTEIN'S EVIDENCE § 702[02]).  Plaintiffs, however, do not seek only injunctive relief.  Their motion for class certification makes clear that as an alternative to a Rule 23(b)(2) injunctive class, it may meet the standard of a Rule 23(b)(3) damages class.  *See* R. Doc. 408 at 18-22.  Todd's opinions on damages may be relevant to a Rule 23(b)(3) determination, and she will not be excluded on the basis of relevance.

Defendants further contend that Todd's testimony is unreliable.[1]  They states that Todd has not given a coherent methodology and that she has spent insufficient time investigating the underlying data.  With respect to Todd's methodology, defendants are correct that the opinion expressed in her preliminary report is only that she will be able to calculate damages, not that she has already done so.  This does not mean, however, that her opinion must be excluded on this basis.  She has explained in an affidavit that she intends to calculate damages by comparing different data tables together, and that the calculations can be made once all the data is supplied.  R. Doc.

---

[1] These arguments are asserted in an earlier motion *in limine* that was filed to exclude Todd's testimony in January of 2009, R. Doc. 345, before the parties unsuccessfully attempted to settle this case.  In the current motion, Defendants incorporate by reference the relevance and reliability arguments from their earlier motion.  Plaintiffs assert that the Court denied this earlier motion orally.  *See* R. Doc. 443 at 1.  There is, however, no entry in the record of such a denial, and plaintiffs cite to none.

361, Ex. 1. Furthermore, as the factfinder, the Court will of course not rely on testimony that it finds to be insufficiently supported by rigorous methodology.

With respect to defendants' charge that Todd spent insufficient time investigating the data, the Court will not exclude Todd's testimony on this basis. Defendant contends that Todd spent just over seven hours reviewing materials for this matter. It is true that a court may exclude expert testimony when the proposed expert has spent insufficient time investigating the underlying facts. *See, e.g., Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371-72 (5th Cir. 2000) (affirming the exclusion of a proposed expert who had conducted no independent investigation of the data upon which he was to give testimony). The Court cannot find, at this stage, that the 7.2 hours Todd spent on the underlying facts of this case is so inadequate so as to warrant the exclusion of her testimony from the class-certification hearing. Furthermore, it is not clear why, if there are deficiencies in Todd's opinions, they cannot be exposed by opposing counsel.

Finally, defendants challenge Todd's qualifications to serve as an expert witness. They assert that her training is in forensic accounting, and that she has never testified as a class-action expert and has never been retained to testify in a class-action proceeding. Again, the Court will not exclude her

4

testimony on this basis. According to her curriculum vitae, Todd has an accounting equivalency degree from the University of Alabama at Birmingham, she is a certified public accountant and has additional certification in financial forensics, and her "practice areas" include the calculation of damages. R. Doc. 408, Ex. B at 7. It is clear that she has considerable experience in accounting. The Court does not find that she is unqualified to provide testimony on the calculation of damages in this matter.

For the foregoing reasons, defendants' motion *in limine* is DENIED.

New Orleans, Louisiana, this 19th day of February, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE