UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
(LAKE CHARLES DIVISION)

| | |
|---|---|
| KAREN ROBISON WOODARD ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-2098 c/w 06-257 |
| JAMES ANDRUS ET AL. | HON. SARAH S. VANCE |
| | MAG. JUDGE WILKINSON |

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendants' Motion to Quash Subpoena and Subpoena Duces Tecum, Record Doc. No. 465

O R D E R E D:

XXX : GRANTED, subject to the order contained herein. The subpoenas are QUASHED. There is no need for a party to a lawsuit to issue a subpoena to another party to a lawsuit, either for depositions (since a party must appear in response to a reasonable notice of deposition, without the necessity for a subpoena, Fed. R. Civ. P. 37(d)(1)(A)(i)) or for document production (since Fed. R. Civ. P. 34 provides an orderly means by which parties to lawsuits may obtain documents and other things from each other, again without the necessity for a subpoena). As to document discovery in particular, the service on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures for requests for production of documents between parties provided by Fed. R. Civ. P. 34. See Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (Noland, M.J.) (quoting Burns v. Bank of Am., No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)) (Subpoenas under Rule 45 "'are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."); Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) ("[D]iscovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45. . . . Rule 45, to the extent it concerns discovery, is still directed at non-parties and . . . Rule 34 governs the discovery of documents in the possession or control of the parties themselves."); accord Kean v. Van Dyken, 2006 WL 374502 (W.D. Mich. 2006); Smith v. Pendergrass, 2003 WL

21919182 (N.D. Ind. 2003); <u>Mortgage Information. Servs., Inc. v. Kitchens</u>, 210 F.R.D. 562, 564 (W.D.N.C. 2002); <u>First City, Tex.-Houston, N.A. v. Rafidain Bank</u>, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000). Accordingly,

**IT IS ORDERED** that all parties to these actions are hereby PROHIBITED from serving each other with subpoenas. All document discovery must be conducted pursuant to Rule 34. Requests for production that are cumulative or duplicative of prior requests for production during the lengthy history of these ancient cases are PROHIBITED. All parties are instructed that the appropriate remedy for "vague and non-responsive answers," Record Doc. No. 472 at p. 3 (Plaintiffs' Opposition to Motion to Quash), is a motion to compel, not a subpoena or a new, repetitive set of written discovery requests.

As to the Rule 30(b)(6) depositions of defendants that were the subject of the quashed subpoenas, it appears that some sort of Rule 30(b)(6) depositions of the defendants have already been taken, although apparently at a time when they were subject to some sort of oral discovery limitation order, Docket Entry located between Record Doc. Nos. 57 and 58 entered by the Clerk of Court on May 8, 2006, the parameters of which are unclear to me.  Under these circumstances, plaintiffs will be permitted to conduct further Rule 30(b)(6) deposition discovery of defendants, Fed. R. Civ. P. 30(a)(2)(A)(ii), but only as follows:

**IT IS ORDERED** that, no later than **March 17, 2010**, counsel must confer, either in person or by telephone, in the manner contemplated by Local Rule 37.1E of the Eastern District of Louisiana, and attempt to arrive at an agreed-upon (1) schedule (including dates, commencement times, and places) for the completion of all Rule 30(b)(6) depositions of defendants; (2) scope/topics of the depositions; and (3) time limit for each separate deposition. Counsel must submit to me, in writing, no later than **March 17, 2010**, their agreement concerning the completion of these depositions, which the court will then make its order. **The deposition schedule proposed by counsel must in no way impact or affect the class certification schedule separately set by Judge Vance.  Record Doc. No. 475.** If counsel cannot agree upon the schedule, scope or time limits for the completion of these depositions, the court will impose its own order.

New Orleans, Louisiana, this   3rd   day of March, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SARAH S. VANCE**