Case 2:03-cv-02098-SSV-JCW   Document 503   Filed 04/27/10   Page 1 of 3 PageID #:  13844

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
(LAKE CHARLES DIVISION)

| | |
|---|---|
| KAREN ROBISON WOODARD ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-2098 c/w 06-257 |
| JAMES ANDRUS ET AL. | HON. SARAH S. VANCE<br>MAG. JUDGE WILKINSON |

**ORDER**

The parties have submitted to me their proposed discovery plan, Record Doc. No. 500, in response to my previous order. Record Doc. No. 480. The proposed plan contains an agreed-upon schedule for depositions and appears to request that I address the following issues: (1) the time limit to be placed upon the Rule 30(b)(6) depositions of defendants; (2) limitations on the scope of questioning to avoid duplication of the previously conducted Rule 30(b)(6) depositions; and (3) defendants' proposal to depose plaintiffs' counsel of record.

Considering the record and the written submissions of counsel contained in the proposed discovery plan, **IT IS ORDERED** that each renewed Rule 30(b)(6) deposition is limited to no more than three (3) hours.

As to the scope of topics/questioning, the court finds that it is impossible on the current record to provide more than the general instruction that duplicative and/or

cumulative questioning already conducted in the prior Rule 30(b)(6) depositions is prohibited. Fed. R. Civ. P. 26(b)(2)(C)(i). Without in-depth familiarity with (a) the oral discovery limitation order, Docket Entry located between Record Doc. Nos. 57 and 58 entered by the Clerk of Court on May 8, 2006, under which the parties were previously operating; (b) the specific deposition questions already asked; and (c) the ability to foretell what specific questions might be asked at the renewed depositions, I cannot provide a more specific scope limitation. It is the intent of the court in imposing the three-hour time limit set out above that during this deposition questioning examining counsel will be compelled to focus renewed questioning on matters that have not already been covered. The depositions, of course, must be conducted pursuant to Fed. R. Civ. P. 30(c)(2). The right of any party to file a motion of the sort contemplated by Fed. R. Civ. P. 26(c), 30(d)(3)(A) or 37(a)(3) is preserved.

As to defendants' desire to take depositions of plaintiffs' counsel of record, they are reminded of the Fifth Circuit's view that such depositions generally are disfavored. Nguyen v. Excel Corp., 197 F.3d 200, 209 (5th Cir. 1999). **IT IS ORDERED** that defendants must file a motion to compel any such depositions before they are noticed.

**IT IS FURTHER ORDERED** that the schedule of dates, times and locations of the depositions set out on pp. 3-4 of the proposed discovery plan is hereby adopted as the order of the court. This schedule may be varied only upon written stipulation of all

parties and the deponent or on motion and order of the court, for good cause shown. Fed. R. Civ. P. 16(b)(4).

New Orleans, Louisiana, this <u>  27th  </u> day of April, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SARAH S. VANCE**