UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

KAREN WOODARD, ET AL.                              CIVIL ACTION

VERSUS                                             NO: 03-2098

JAMES ANDRUS, ET AL.

### ORDER AND REASONS

In this case, plaintiffs' federal constitutional claims have been dismissed, and the Court has ordered the parties to brief the issue of whether it should retain jurisdiction over plaintiffs' state law claims. For the following reasons, the Court will exercise supplemental jurisdiction over plaintiffs' state law claims.

**I. Background**

The Court has issued a number of orders in this case, and the relevant background will be summarized only briefly. Plaintiffs challenge the fee-collection procedures used by the clerks of court in Louisiana parishes. The clerks of court are elected officers in Louisiana with duties relating to the administration of the district courts and the recording of legal documents. *See* LA. CONST. art. V, § 28; LA. REV. STAT. § 13:751, *et seq*. They are authorized by law to collect certain enumerated fees for their services, *see* LA. REV. STAT. §§ 13:841-50, which

are then deposited into a fund that is used to defray the costs of the clerks' salaries and the capital and administrative expenditures of their offices, *see* LA. REV. STAT. §§ 13:781-87. When a lawsuit is initiated, the clerks are required to collect an advance deposit from the plaintiff, "to be disbursed to the clerk's salary fund or to others as their fees accrue." LA. REV. STAT. § 13:842. If the money in the plaintiff's deposit account is exhausted, "the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid . . . ." *Id.* Finally, "[w]ithin 120 days after the final termination of the suit, the clerk shall either issue a refund to the plaintiff of any unused amount remaining in the cost advance or issue a demand for payment to the 'party primarily liable' for any amount in excess of the cost advance." *Meyers v. Basso*, 398 So. 2d 1026, 1028 (La. 1981); *see also* LA. REV. STAT. § 13:843.1.

    The named plaintiffs in this case were separately involved in litigation in the Louisiana district courts, and they paid fees to the clerks of court in the manner described above. The present consolidated action challenges the fees charged by the clerks and the procedures used to collect them. Specifically, plaintiffs allege that clerks of court in various Louisiana parishes assessed fees against them that were not authorized by statute.

This litigation, in some form, has been ongoing since November of 2003. The case has primarily focused on plaintiffs' federal constitutional claims, but plaintiffs assert claims under state law as well. On February 17, 2010, the Court denied plaintiffs' motion to "amend out" its state law claims so that they could be litigated in state court.[1] The Court then granted defendants' motions for summary judgment and dismissed plaintiffs' due process claim.[2] In response to plaintiffs' motion to clarify the judgment, the Court found that the complaints contain at least two state law claims, for conversion and breach of fiduciary duty.[3] The Court must now decide whether to exercise supplemental jurisdiction over plaintiffs' state law claims.

**II. Standard**

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has

---

[1] R. Doc. 466.

[2] R. Docs. 508, 511.

[3] R. Doc. 518.

original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Court has wide discretion to dismiss state law claims after dismissing all federal claims. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial[.]" *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002) (quoting *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). This rule, however, "is neither mandatory nor absolute." *Smith*, 298 F.3d at 437. In addition to the statutory provisions of section 1367(c), the court must balance the factors of judicial economy, convenience, fairness, and comity. *Id.* at 446.

**III. Discussion**

Before reaching the supplemental jurisdiction issue, defendants argue that any state law claims arising out of the *Woodard* complaint have already been dismissed with prejudice. This case is a consolidation of *Woodard v. Andrus*, filed in the Western District of Louisiana in November of 2003, and *Gastzke v. Louisiana Clerk of Court Association*, filed in the Middle District of Louisiana in September of 2005. In *Woodard*, the Clerk of Court of Calcasieu Parish, the only defendant at the

time, moved to dismiss the complaint in January of 2004.[4] The Court granted that motion in June of 2004, dismissing plaintiff's due process claim, access to courts claim, and equal protection claim - all claims under the United States Constitution.[5] The Fifth Circuit then reversed that decision in part and held that plaintiffs did state a due process claim.[6] Contrary to defendants' assertions, the Court never dismissed plaintiffs' state law claims. Moreover, as the Court found in its order granting plaintiffs' motion to amend the judgment, the complaints allege at least two independent state law claims, and any statements to the contrary that this Court has previously made were in error.[7] Thus, the state law complaints in *Woodard* have not already been dismissed.

The Court will exercise supplemental jurisdiction over plaintiffs' state law claims. This litigation has been ongoing for nearly seven years. The case has undergone consolidation and a transfer of judges,[8] has twice been to the Fifth Circuit,[9] has

---

[4]  R. Doc. 8.

[5]  R. Doc. 30.

[6]  *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005).

[7]  R. Doc. 518.

[8]  *See* R. Docs. 52, 171.

[9]  *See Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005); *Woodard v. Jones*, 247 Fed. Appx. 494 (5th Cir. 2007) (per curiam).

been the subject of at least one aborted settlement agreement,[10] and has been the subject of considerable pre-trial motion practice.  The Court has gained substantial familiarity with this case, and leaving plaintiffs' state law claims for a state court to decide would not be an efficient use of judicial resources.  *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (district court abused its discretion by declining supplemental jurisdiction due to the "significant amount of judicial resources" it had already invested in the case; litigation had lasted for over three years and had generated numerous motions); *Batiste v. Island Records Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (when the case had been pending in federal court for almost three years, the "familiarity of the district court with the merits of [plaintiffs'] claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources"); *cf. Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

    If the Court were to decline to exercise supplemental jurisdiction, plaintiffs would have to bring an entirely new

---

[10]    *See* R. Doc. 405.

lawsuit in state court in order to maintain their claims. That would surely lengthen what has already been a drawn-out litigation. Even if a substantial amount of the discovery the parties have already exchanged could be reused in a state court proceeding, significant duplication of pre-trial motion practice would be inevitable. For example, the parties have filed and briefed numerous motions for summary judgment that go to the legality of the fees under state law. It would be wasteful to duplicate that effort in state court.

Defendants ask the Court to decline jurisdiction over plaintiffs' state law claims, but they asked for just the opposite at an earlier stage of this litigation. In December of 2009, plaintiffs moved to "amend out" their state law claims so they could be adjudicated in state court.[11] Defendants opposed that motion, asserting that such an amendment would be prejudicial to them because of the time and money they had already invested in defending the case in federal court.[12] The Court denied plaintiffs' motion, holding that

> dismissal without prejudice of plaintiffs' state-law claims is inappropriate in this case. First of all, defendants have expended significant time, effort, and expense in defending these claims. This litigation has been ongoing for more than six years. Both parties have filed numerous motions, including an atypically large number of motions for summary judgment. The pre-trial practice and discovery in

---

[11]   R. Doc. 427.

[12]   R. Docs. 436, 437.

>    this matter has been intense, has gone through numerous
>    stages, and has been time-consuming and costly for all
>    involved. . . . That defendants have spent considerable time
>    and money defending these claims is not even a close
>    question.[13]

Defendants now assert that plaintiffs' state law claims would be more appropriately decided in state court. But just as the Court previously considered the time and money expended by defendants, the Court must now consider the resources that plaintiffs have invested in pursuing their claims. Requiring plaintiffs to start over in state court would not meet the goals of fairness, convenience, or judicial economy.

Moreover, the state law questions at issue here are not complex. There is no indication that determining whether defendants charged fees in excess of what state law permitted will pose any particular difficulties. This militates in favor of retaining supplemental jurisdiction. *Batiste*, 179 F.3d at 227.

Defendants argue that the Court should not exercise supplemental jurisdiction for reasons of comity and federalism. Although this case does involve local officials' compliance with state law, concerns relating to comity must be balanced against the purposes of exercising supplemental jurisdiction: "judicial economy, convenience, and fairness to the litgants[.]" *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As

---

[13]   R. Doc. 466.

detailed above, those concerns weigh heavily in favor of exercising supplemental jurisdiction in this case. Defendants invoke principles that apply in the sovereign immunity context, but local officials such as the defendants are not treated as an arm of the state for sovereign immunity purposes, and they are not immunized under the Eleventh Amendment. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 369 (2001) (citing *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81 (1977).

Defendants also argue that plaintiffs have not pleaded supplemental jurisdiction. Plaintiffs would have been well-advised to plead supplemental jurisdiction under Fed. R. Civ. P. 8(a)(1). Nonetheless, plaintiffs' state law claims are clearly part of the same case or controversy as their federal claims under 18 U.S.C. § 1367(a). Moreover, in their brief, plaintiffs specifically ask the Court to exercise supplemental jurisdiction. Plaintiffs' failure to cite section 1367 in their complaint is not fatal to their state law claims. *See Thomas v. Poole*, No. 98-2861, 2000 WL 158456 at *3 n.3 (E.D.La. Feb. 10, 2000) (court must consider supplemental jurisdiction *sua sponte* even if not alleged by plaintiff); *Booty v. Shoney's, Inc.*, 872 F.Supp. 1524, 1529 (E.D.La. 1995) (failure to allege supplemental jurisdiction could be cured through amendment when jurisdictional grounds were

9

apparent from notice of removal).

In addition, defendants argue that even if the Court exercises supplemental jurisdiction, it should nonetheless dismiss the state law claims without prejudice so that they can be decided by a state court. This proposal would entail the same waste of judicial and party resources as declining to exercise supplemental jurisdiction. The Court therefore will not dismiss plaintiffs' state law claims.

Lastly, plaintiffs argue in the alternative that the Court should certify its decision dismissing their federal claims for interlocutory appeal under 28 U.S.C. § 1292. Because the Court is exercising supplemental jurisdiction over plaintiffs' state law claims, it need not consider plaintiffs' alternative request.

**IV. Conclusion**

For the foregoing reasons, the Court will exercise supplemental jurisdiction over plaintiffs' state law claims.

New Orleans, Louisiana, this __10th__ day of September, 2010.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

10